| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

HALEY DOVER ROGERS,                    §
                                        §
    Plaintiff,                         §
                                        §
*versus*                                § CIVIL ACTION NO. 1:25-CV-66
                                        §
JEROME TEZENO, GULF COAST               §
EXPRESS LEASING CORPORATION,            §
and QUALITY CARRIERS, INC.,             §
                                        §
    Defendants.

## MEMORANDUM AND ORDER

Pending before the court is Defendant Quality Carriers, Inc.'s ("Quality Carriers") Motion for Summary Judgment (#12), wherein Quality Carriers asserts that Plaintiff Haley Dover Rogers's ("Rogers") claims are barred by the statute of limitations. Rogers filed a Response in Opposition (#13) and an Amended Response (#15). Quality Carriers filed a Reply in Support of its Motion for Summary Judgment (#17). Having considered the pending motion, the submissions of the parties, the record, and the applicable law, the court is of the opinion that Quality Carriers's motion should be granted.

I.    <u>Background</u>

Rogers's claims arise out of a motor vehicle accident that occurred on November 16, 2021. At the time of the incident, Rogers was turning right onto US Highway 190 from State Highway 87 when Defendant Jerome Tezeno ("Tezeno") allegedly failed to stop at a red light. Rogers maintains that Tezeno drove through the intersection and collided with her vehicle, causing her damages.

On November 13, 2023, Rogers filed suit against Tezeno, Quality Carriers, and Gulf Coast Express Leasing Corporation ("GCELC") in the Judicial District Court of Newton County, Texas, asserting a cause of action for negligence against Defendants. Rogers claims that Tezeno was acting within the course and scope of his employment with GCELC when the accident occurred. The Original Petition further states that Quality Carriers "is an Illinois corporation doing business in Newton County, Texas, and may be served with process herein by serving its registered agent for service."

On August 27, 2024, approximately 9 months after filing suit, Rogers served process on Quality Carriers's registered agent in Florida. On January 29, 2025, Rogers amended her state court petition to specify that Quality Carriers could be served with process by serving its Texas registered agent. The following day, January 30, 2025, Rogers served Quality Carriers's Texas registered agent.

On February 11, 2025, Quality Carriers removed this case to the Eastern District of Texas on the basis of diversity jurisdiction.[1] On February 19, 2025, Quality Carriers filed its Original Answer, pleading the statute of limitations as an affirmative defense. On June 24, 2025, Quality Carriers moved for summary judgment, asserting that Rogers failed to exercise due diligence in effectuating service, and therefore, Rogers's claims against it are barred by the statute of limitations. As of the date of this order, neither Tezeno nor GCELC has appeared in this matter.

---

[1] Under 28 U.S.C. § 1332, diversity of citizenship exists if there is complete diversity of citizenship among the parties. Here, the parties do not dispute that Rogers is citizen of the State of Texas; Quality Carriers is a citizen of the State of Illinois and the State of Florida; Tezeno is a citizen of the State of Louisiana; and GCELC is a citizen of the State of Florida. Moreover, it is undisputed that the amount in controversy exceeds $75,000. Accordingly, this court has jurisdiction under § 1332.

II.     Analysis

    A.     Summary Judgment Standard

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *King v. King*, 117 F.4th 301, 308 (5th Cir. 2024); *Union Pac. R.R. Co. v. City of Palestine*, 41 F.4th 696, 703 (5th Cir. 2022); *United Steel, Paper & Forestry, Rubber Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union v. Anderson*, 9 F.4th 328, 331 (5th Cir. 2021); *Smith v. Harris County*, 956 F.3d 311, 316 (5th Cir. 2020). The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *MDK Sociedad De Responsabilidad Limitada v. Proplant Inc.*, 25 F.4th 360, 368 (5th Cir. 2022); *Goldring v. United States*, 15 F.4th 639, 644-45 (5th Cir. 2021); *Playa Vista Conroe v. Ins. Co. of the W.*, 989 F.3d 411, 416-17 (5th Cir. 2021). To warrant judgment in its favor, the movant "must establish beyond peradventure *all* of the essential elements of the claim or defense." *Lyons v. Katy Indep. Sch. Dist.*, 964 F.3d 298, 302 (5th Cir. 2020) (quoting *Dewan v. M-I, L.L.C.*, 858 F.3d 331, 334 (5th Cir. 2017)); *accord Chapoy v. Union Pac. R.R.*, No. 22-40791, 2023 WL 6461252, at *2 (5th Cir. Oct. 4, 2023). At the summary judgment stage, the defendant "bear[s] the burden of proving each element of each affirmative defense by a preponderance of the evidence." *Petro Harvester Operating Co., L.L.C. v. Keith*, 954 F.3d 686, 697 (5th Cir. 2020) (citing *Celotex Corp.*, 477 U.S. at 322-23).

Once a proper motion has been made, the nonmoving party may not rest upon mere allegations or denials in the pleadings but must present affirmative evidence, setting forth specific facts, to demonstrate the existence of a genuine issue for trial. *Celotex Corp.*, 477 U.S. at 322 n.3; *see Beard v. Banks*, 548 U.S. 521, 529 (2006) (quoting FED. R. CIV. P. 56(e)); *Flowers v. Wal-Mart Inc.*, 79 F.4th 449, 452 (5th Cir. 2023); *MDK Sociedad De Responsabilidad Limitada*, 25 F.4th at 368; *Acadian Diagnostic Lab'ys, L.L.C. v. Quality Toxicology, L.L.C.*, 965 F.3d 404, 410 (5th Cir. 2020). The court "should review the record as a whole." *Black v. Pan Am. Lab'ys, L.L.C.*, 646 F.3d 254, 273 (5th Cir. 2011) (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)); *see Hacienda Recs., L.P. v. Ramos*, 718 F. App'x 223, 234 (5th Cir. 2018); *City of Alexandria v. Brown*, 740 F.3d 339, 350 (5th Cir. 2014). All the evidence must be construed in the light most favorable to the nonmoving party, and the court will not weigh the evidence or evaluate its credibility. *Reeves*, 530 U.S. at 150; *Seigler v. Wal-Mart Stores Tex., L.L.C.*, 30 F.4th 472, 476 (5th Cir. 2022); *Batyukova v. Doege*, 994 F.3d 717, 724 (5th Cir. 2021); *Lyons v. Katy Ind. Sch. Dist.*, 964 F.3d 298, 302 (5th Cir. 2020). The evidence of the nonmovant is to be believed, with all justifiable inferences drawn and all reasonable doubts resolved in her favor. *Tolan v. Cotton*, 572 U.S. 650, 651 (2014) (quoting *Anderson*, 477 U.S. at 255); *Dietrich v. United Parcel Serv., Inc. (Ohio)*, No. 24-50316, 2025 WL 445050 at *3 (5th Cir. Feb. 10, 2025); *Seigler*, 30 F.4th at 476; *Batyukova*, 994 F.3d at 724; *Lyons*, 964 F.3d at 302. The evidence is construed "in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Johnson v. Cooper T. Smith Stevedoring Co., Inc.*, 74 F.4th 268, 275 (5th Cir. 2023) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)); *accord Lexon Ins. Co., Inc.*, 7 F.4th at

321; *Geovera Specialty Ins. Co. v. Odoms*, 836 F. App'x 197, 200 (5th Cir. 2020) (quoting *Little*, 37 F.3d 1069, at 1075).

      B.    <u>State Law Applies</u>

The Federal Rules of Civil Procedure "apply to a civil action *after* it is removed from a state court." FED. R. CIV. P. 81(c)(1) (emphasis added); *accord Dueling v. Devon Energy Corp.*, 623 F. App'x 127, 129 (5th Cir. 2015); *Taylor v. Bailey Tool Mfg. Co.*, 744 F.3d 944, 946 (5th Cir. 2014). The federal rules "do not provide for retroactive application to the procedural aspects of a case that occurred in state court prior to removal to federal court." *Taylor*, 744 F.3d at 946 (citing *Tompkins v. Cyr*, 202 F.3d 770, 787 (5th Cir. 2000); *Pac. Empr's Ins. v. Sav-a-Lot of Winchester*, 291 F.3d 392, 400-01 (6th Cir. 2002); *Kirby v. Allegheny Beverage Corp.*, 811 F.2d 253, 257 (4th Cir. 1987)). Accordingly, when sitting in diversity, a federal court applies the state's statutes of limitation and accompanying tolling rules. *Bloom v. Aftermath Pub. Adjusters, Inc.*, 902 F.3d 516, 517 (5th Cir. 2018). Similarly, whether pre-removal service was valid is a matter of state law. *Beaumont Mfg. & Distrib. Co., LLC v. Ambrose*, No. 1:24-CV-000297-ZJH, 2025 WL 2093432, at *5 (E.D. Tex. June 25, 2025) (citing *Freight Terminals, Inc. v. Ryder Sys., Inc.*, 461 F.2d 1046, 1052 (5th Cir. 1972)).

      C.    <u>Statute of Limitations</u>

The parties agree that a two-year statute of limitations applies to Rogers's claims. *See* TEX. CIV. PRAC. & REM. CODE § 16.003(a)); *Tex. State Univ. v. Tanner*, 689 S.W.3d 292, 300 (Tex. 2024) ("A suit for personal injuries must be brought within two years from the time the cause of action accrues." (quoting *Proulx v. Wells*, 235 S.W.3d 213, 215 (Tex. 2007)). Timely

filing the lawsuit alone, however, does "not interrupt the running of limitations." *Tanner*, 689 S.W.3d at 300 (quoting *Proulx*, 235 S.W.3d at 215).

> In other words, to "bring suit" is a term of art reflecting the traditional requirements to satisfy a statute of limitations: filing the petition and achieving service of process. Timeliness for just one will not do. Thus, while service follows filing, both are prerequisites to "bringing" the suit. The suit is not "brought," and the statute of limitations is not satisfied, until the plaintiff achieves both steps.

*Id.*

If a plaintiff does not serve within the limitations period, she must instead "exercise[] due diligence in the issuance and service of citation." *Proulx*, 235 S.W.3d at 215 (citing *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 830 (Tex. 1990)); *accord City of Houston v. Meka*, 697 S.W.3d 656, 657 (Tex. 2024); *Tanner*, 689 S.W.3d at 300. "If service is diligently effected after limitations has expired, the date of service will relate back to the date of filing." *Proulx*, 235 S.W.3d at 215 (citing *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990)); *accord Meka*, 697 S.W.3d at 657; *Tanner*, 689 S.W.3d at 300.

If a defendant affirmatively pleads a limitations defense and demonstrates that service occurred after the limitations period expired, "the burden shifts to the plaintiff 'to explain the delay.'" *Proulx*, 235 S.W.3d at 216 (quoting *Murray*, 800 S.W.2d at 830); *accord Meka*, 697 S.W.3d at 657; *Tanner*, 689 S.W.3d at 302. "[I]f the plaintiff's explanation for the delay raises a material fact issue concerning the diligence of service efforts, the burden shifts back to the defendant to conclusively show why, as a matter of law, the explanation is insufficient." *Proulx*, 235 S.W.3d at 216 (citing *Zale Corp. v. Rosenbaum*, 520 S.W.2d 889, 891 (Tex. 1975)); *see Tanner*, 689 S.W.3d at 302-03. "[T]he relevant inquiry is whether the plaintiff acted as an ordinarily prudent person would have acted under the same or similar circumstances and was

diligent up until the time the defendant was served." *Proulx*, 235 S.W.3d at 216; *Tanner*, 689 S.W.3d at 302.

The issue of whether a plaintiff exercised diligence when obtaining the issuance and effecting service of citation is ordinarily a fact question. *Tanner*, 689 S.W.3d at 302; *Mathewson v. Anglia Homes, L.P.*, No. 01-23-00874-CV, 2025 WL 2471799, at *5 (Tex. App.—Houston [1st] Dist. Aug. 28, 2025, no pet. h.). Nevertheless, "a plaintiff's explanation may show a lack of diligence as a matter of law "when one or more lapses between service efforts are unexplained or patently unreasonable." *Tanner*, 689 S.W.3d at 302 (quoting *Proulx*, 235 S.W.3d at 216); *Mathewson*, 2025 WL 2471799, at *5.

        1.    Date of Service

As an initial matter, the parties dispute whether Rogers's August 27, 2024, service on Quality Carriers's Florida registered agent was proper. Quality Carriers contends that service on the Florida registered agent was invalid and, therefore, service was not effectuated until its Texas registered agent was served on January 30, 2025—more than fourteen months after the statute of limitations lapsed. Rogers avers that "service had been previously effectuated on [Quality Carriers's] registered agent in Florida nearly five (5) months earlier," on August 27, 2024.

"A business entity is not a person capable of accepting process on its own behalf and therefore must be served through an agent." *Lawton Candle, LLC v. BG Pers., LP*, 690 S.W.3d 122, 125 (Tex. App.—Dallas 2024, no pet.). "Service may be made on the entity's registered agent, president, or any vice president." *Id.* at 125-26 (citing TEX. BUS. ORGS. CODE §§ 5.201(b), 5.255(1)); *accord Caldwell v. CSL Vifor Pharma*, No. 4:24-CV-00991, 2025 WL 2429017, at *2 (S.D. Tex. May 14, 2025).

Texas Business Organization Code § 5.201 provides that each foreign filing entity shall "designate and continuously maintain *in this state*" a registered agent, which is "an agent of the entity on whom may be served any process, notice, or demand required or permitted by law to be served on the entity." TEX. BUS. ORGS. CODE § 5.201 (emphasis added); *Lawton Candle, LLC*, 690 S.W.3d at 126; *Dan-Bunkering (Am.), Inc. v. Ichor Oil, LLC*, 561 F. Supp. 3d 710, 714 (N.D. Tex. 2021). In other words, the Texas Business Code allows service to be made on a registered agent in Texas. No provision is made permitting service on a registered agent in another state. *See Lawton Candle, LLC*, 690 S.W.3d at 126 (noting that the plaintiff did "not identif[y] any provision in the Business Organizations Code or other authority . . . that expressly permits a foreign entity to designate a registered agent who is not located in the State of Texas as its agent for purposes of service of process"). If an entity fails to maintain a registered agent in Texas, then service may be effectuated on the Secretary of State.[2] TEX. BUS. ORGS. CODE § 5.251; *United States v. Exposito*, No. 4:23-CR-00063-ALM-BD, 2025 WL 2051102, at *2 (E.D. Tex. July 22, 2025).

---

[2] Section 5.251 of the Texas Business Organizations Code provides service on the Texas Secretary of State is proper if:

(1) the entity is a filing entity or a foreign filing entity and:
    (A) the entity fails to appoint or does not maintain a registered agent in this state; or
    (B) the registered agent of the entity cannot with reasonable diligence be found at the registered office of the entity; or
(2) the entity is a foreign filing entity and:
    (A) the entity's registration to do business under this code is revoked; or
    (B) the entity transacts business in this state without being registered as required by Chapter 9.

TEX. BUS. ORGS. CODE § 5.251.

Here, in compliance with the Texas Business Code, Quality Carriers maintained a registered agent in Texas which was listed with the Texas Secretary of State.[3] Accordingly, Rogers could properly serve Quality Carriers's Texas registered agent. Even if Quality Carriers did not maintain a Texas registered agent, service should have been made on the Texas Secretary of State. *See Lawton Candle, LLC*, 690 S.W.3d at 126 ("When a foreign entity fails to maintain a registered agent in the state (as required by § 5.201), the only other means for service on that entity expressly stated in the Business Organizations Code is through the Texas Secretary of State."). Texas does not permit a foreign entity to designate a registered agent who is not located in the State of Texas as its agent for purposes of service of process. *See id*. Thus, Rogers's service on Quality Carriers's registered agent in Florida on August 27, 2025, was invalid under Texas law. *See id.* (holding that service of foreign entity's Oklahoma registered agent was not a permitted method of service under Texas law). Thus, Rogers did not effectuate service on Quality Carriers until she served its Texas registered agent on January 30, 2025, more than 14 months after the statute of limitations expired.

2. Due Diligence

Whether service on Quality Carriers was effectuated five months or fourteen months after the expiration of the two-year statute of limitations is immaterial if Rogers cannot raise a fact issue concerning the diligence of her service efforts. *See Tanner*, 689 S.W.3d at 302 ("[A] plaintiff must 'present evidence regarding the efforts that were made to serve the defendant, and to explain

---

[3] Rogers does not contend that she ever searched the Texas Secretary of State's records to determine whether Quality Carriers had a registered agent in Texas, nor does she challenge Quality Carriers's assertion that "a simple search of the Texas Secretary of State website reveals the proper registered agent for service of process in Texas."

every lapse in effort or period of delay.'" (quoting *Proulx*, 235 S.W.3d at 216); *Mathewson*, 2025 WL 2471799, at *5; *see also Sanderson v. Vela*, No. 05-02-01157-CV, 2003 WL 1564314, at *2 (Tex. App.—Dallas Mar. 27, 2003, no pet.) ("Even a three[-]month unexplained delay can constitute a lack of due diligence."). It is undisputed that Rogers effectuated service on Quality Carriers after the limitations period lapsed. Accordingly, the burden shifts to Rogers to explain the delay.

In her Amended Response, Rogers does not articulate an excuse for the delay in service. Rather, she contends that she has "produced competent evidence which, at a minimum, creates a genuine issue of material fact as to whether she excised due diligence." Rogers's summary judgment evidence includes the Affidavit of Williams S. Morian, Jr. ("Morian"), who represents Rogers in this matter, and four emails that were sent to a process server.[4] Morian's affidavit states that after filing the lawsuit, he hired a process server, Zakon Litigation ("Zakon"), to serve process on Quality Carriers. Morian explains that "the records maintained by the State of Florida" were searched to locate Quality Carriers's registered agent because Quality Carriers is "based out of Tampa, Florida." Morian then requested Zakon to serve Quality Carriers at the address associated with the Florida registered agent. Morian goes on to state:

> From the date which we requested service on Defendant at the Florida location until the date they were served on August 27, 2024, we constantly followed up with Zakon for updates on the status of service. During that time, we sent multiple e-mails to Zakon with no response, as well as made numerous phone calls which were never returned.

---

[4] In addition, Rogers attaches to her response: (1) a copy of the civil citation issued by the Texas court on November 14, 2023; (2) a return of service indicating that Quality Carriers's Florida registered agent was served on August 27, 2024; (3) a copy of the Original Petition; (4) records from the State of Florida indicating that Quality Carriers maintained a registered agent in that state; (5) a copy of the First Amended Petition; and (6) a return of service indicating that Quality Carriers's Texas registered agent was served on January 30, 2025.

Finally, Morian explains that when Quality Carriers did not file an answer after its Florida registered agent was served:

> we did some independent research and found two different cases whereby Defendant was sued in [Texas] state court and subsequently filed appearances . . . . After reviewing the pleadings in those cases, we immediately amended our pleadings to add the amended registered agent for Defendant on January 29, 2025, and subsequently had it served on January 30, 2025.

Four email messages, purportedly from Morian's law firm to Zakon, are attached to Rogers's response. The messages are dated: January 26, 2024, February 1, 2024, May 10, 2024, and August 26, 2024. The content of the messages is short—"checking in for status updates." No response or other explanation from Zakon is included.

Texas courts have held that reliance on a process server to effectuate service, without more, is not a valid exercise of due diligence. *Barber v. Burns*, No. 05-22-00471-CV, 2023 WL 3451052, at *4 (Tex. App.—Dallas May 15, 2023, no pet.) (citing *Sanderson* 2003 WL 1564314, at *2). "[I]t is the plaintiff's, not the process server's, duty to ensure that the defendant is served." *Flanigan v. Nekkalapu*, 613 S.W.3d 361, 365 (Tex. App.—Fort Worth 2020, no pet.) (collecting cases); *accord Ventura v. Vasquez*, No. 01-19-00240-CV, 2019 WL 6904545, at *5 (Tex. App.—Houston [1st Dist.] Dec. 19, 2019, no pet.); *Roberts v. Padre Island Brewing Co.*, 28 S.W.3d 618, 621 (Tex. App.—Edinburg 2000, no pet.) (holding that despite the plaintiff's repeated attempts to contact the process server to inquire about service, her reliance on the process server after limitations had expired did not constitute due diligence). Accordingly, Rogers could not abdicate responsibility for timely service to Zakon. Rogers's attempts to check in with Zakon over a nine-month span is not evidence of due diligence. *Sanderson*, 2003 WL 1564314, at *2 ("[M]erely speaking to the process server on several occasions to ascertain the status of service

is not due diligence."). Because Rogers has failed to offer a valid explanation for her failure to serve Quality Carriers for the time period between November 16, 2023, and August 27, 2024, the court need not scrutinize Rogers's proffered summary judgment evidence to discern whether she has offered a sufficient explanation for the delay from August 27, 2024, to January 30, 2025. The court concludes that Quality Carriers has demonstrated that Rogers was not diligent in effecting service as a matter of law.

III.   Conclusion

In accordance with the foregoing analysis, although Rogers filed suit before the expiration of the statute of limitations, she does not offer a valid excuse for failing to serve Quality Carriers with process until after the applicable statute of limitations expired. Therefore, a lack of diligence is found as a matter of law, and summary judgment is warranted. Accordingly, Quality Carriers's Motion for Summary Judgment (#12) is GRANTED. Rogers's claims against Tezeno and GCELC remain pending.

SIGNED at Beaumont, Texas, this 14th day of October, 2025.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE